## Blair *v.* Morgan, Appellant.

*State Highways — Construction — Contracts—Assignments—Consideration.*

In an action of assumpsit to recover the balance of the consideration to be paid for the assignment of a road building contract, a verdict for the plaintiff will be sustained, where the evidence established that the assignee performed his contract in substantially the manner agreed upon and received his compensation therefor, and that any delays or interference incident to the performance of the work were of a nature mentioned in the contract.

Argued May 3, 1926. Appeal No. 56, April T., 1926, by defendant, from judgment of C. P. Cambria County, June T., 1923, No. 26, in the case of John T. Blair v. G. T. Morgan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on written contract. Before REED, P. J. O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict in favor of the plaintiff in the sum of $1,975. Defendant appealed.

*Error assigned,* among others, was the order of the court directing a verdict in favor of the plaintiff.

*J. Earl Ogle, Jr.,* and with him *Charles C. Greer* and *James Y. Piper,* for appellant.

*F. J. Hartmann,* and with him *Edward Knuff,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The plaintiff had been the successful bidder for the construction of section 1, State Highway Route No. 62, in Cambria County, and the Highway Department had

awarded to him the contract for that work. Before the written contract was executed the plaintiff and defendant entered into negotiations which resulted in the assignment of the interest of the plaintiff in the contract to this defendant, for the consideration expressed in the following written contract:

"July 23, 1918.

"I hereby agree to pay John T. Blair, of Ebensburg, the sum of one thousand dollars immediately upon the signing of contract for constructing Highway Route No. 62 in Cambria Township, Cambria County. The contract has been awarded to Mr. Blair but has been transferred to Mr. G. T. Morgan. I further agree to pay one thousand dollars to Mr. Blair when I receive the first monthly estimate. I further agree to pay Mr. Blair five hundred dollars upon completion and acceptance of the work.

Witness                          G. T. MORGAN.
W. A. HORAN."

The Highway Department having approved of and consented to this assignment, a contract between the department and G. T. Morgan for the construction of the work in question was, on July 30, 1918, duly executed. The defendant, upon the signing of that contract, paid to the plaintiff the sum of $1,000, as required by the contract between them above quoted. The defendant having completed the construction of the highway called for by the contract refused to pay to plaintiff the remaining amounts stipulated for by the contract between them, whereupon the plaintiff brought this action to recover the $1,000 which was to be paid when defendant received the first monthly estimate and the $500 which was to be paid upon

completion and acceptance of the work. He recovered a verdict and judgment in the court below and the defendant appeals.

The evidence produced at the trial involved no dispute as to the following facts: The plaintiff, having been the successful bidder for the construction of the highway in question, assigned his right to the contract to this defendant and the defendant executed the written agreement above quoted to pay the several sums therein specified, in consideration of said assignment. The Highway Department consented to the assignment and duly entered into a contract for the construction of the highway with this defendant. The defendant received payment of the first monthly estimate in January, 1919, and completed the construction of the highway and the work was accepted by the State Highway Department on December 31, 1921. These facts established, prima facie, the right of the plaintiff to recover. The defendant sought to escape liability upon the grounds: (1) That he had been interfered with and delayed by the State Highway Department in the performance of his contract; and (2) That the State Highway Department had, in August, 1918, cancelled the contract, that the work had never been completed under the contract of July, 1918, but that defendant had subsequently, in December, 1918, entered into a new contract with the State Highway Department, under which the work was completed.

The contract of July 30, 1918, expressly provided that the engineer of the Highway Department should "have the authority to suspend the work wholly or in part, for such period or periods as he may deem necessary, due to unsuitable weather, or such other conditions as are considered unfavorable for the suitable prosecution of the work........If it should become necessary to stop work for an indefinite period, the Contractor shall store all materials in such manner that

they will not obstruct or impede the traveling public unnecessarily.'' With this provision in the contract with the Highway Department, the defendant could not escape liability on his independent contract with this plaintiff, because of any delay to which he had been subjected in the performance of the work. The contract of July 30, 1918, contained this specific provision, viz: ''It is understood and agreed that if for any reason the United States government does not approve of the fulfillment of this contract during the period of the war, the State Highway Commissioner may revoke or annul said contract and pay said contractor for all work performed by him up to the date of such annulment or revocation, at the unit prices specified in said bid.'' The appellant contends that the State Highway Commissioner did revoke the contract in the exercise of the discretion with which he was invested by the covenant above quoted. The only evidence offered by the defendant in support of this contention was a letter from the Second Deputy State Highway Commissioner, dated August 30, 1918, addressed to the defendant and advising him that the United States Highways Council had disapproved of the contract between the State Highway Department and the defendant, and saying that, under the circumstances, arrangements should be made to discontinue the operation, except that as a carload of pipe had been received there did not appear to be any reason why the same could not be placed, and such work performed as would use up any material which the defendant then had on hand which did not involve the question of transportation. This letter cannot be construed as a revocation or annulment of the contract; it directed discontinuance of the work, except such as did not involve transportation, but it left the contract in full force. The war having ended, this defendant, on December 12, 1918, sent a letter to the chief engineer of the State

Highway Department stating his willingness to proceed with his contract for Route No. 62, section 1, but suggesting that he should be allowed for work which he had done and which would have to be duplicated. The chief engineer of the department, on December 16, 1918, acknowledged receipt of defendant's letter stating his (defendant's) willingness to proceed with the contract, and in reply, stated that he found nothing on record which would indicate any expense that would be incurred pertaining to duplicate work. The chief engineer in this letter, made the definite statement: "If you will forward a letter to this office setting forth your willingness to proceed with your contract, and with the statement that no claim will be made against the state for loss or compensation, I will be pleased to recommend same favorably to the Commissioner for his action." This correspondence between the officers of the State Highway Department and this defendant closed with the letter of the chief engineer to this defendant dated January 17, 1919, which embodied the conclusion of the whole matter in the following definite statement: "I wish to acknowledge receipt of your letter of January 10th with reference to allowing you to proceed with the contract for the construction of section No. 1, of State Highway Route No. 62, in Cambria County, and in reply would advise you that in view of the fact that you are willing to proceed with this contract at the prices stipulated therein and agree to relieve the state from any claims which you may have on account of delays caused by the closing down of the work during the past season, Commissioner O'Neil has agreed to permit of your proceeding with this work." The defendant in his oral testimony made the following admission: "Q. And the only contention you make here as to the new contract arises out of certain letters that you wrote to the Department and letters that they wrote to you? A. Yes, sir." These letters

were all offered in evidence and they indicate, and indicate only, that this defendant was insisting that he should be permitted to proceed to perform the work required by his contract of July 30, 1918, but that he was also insisting that the officers of the department should agree to make additional payments to him, which the officers consistently declined to do. Had the officers consented, by a parol agreement, to modify the terms of the contract they would have exceeded their authority. The correspondence upon which the defendant relied to establish a new contract clearly and conclusively established that the defendant had finally abandoned his unreasonable demands upon the Department of Highways and had consented to proceed with the execution of the work under his contract of July 30, 1918, and that the State Highway Department then permitted him to proceed with the work upon the terms of that contract. The evidence upon which the defendant relied to establish a new contract was all in writing and its construction was for the court. The court did not err in holding that this evidence did not constitute a new contract, but clearly established that the defendant did the work under the contract of July 30, 1918. It necessarily followed that the plaintiff was entitled to binding instructions. The assignments of error are dismissed.

The judgment is affirmed.